UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIEL STOUT, ET AL.                          CIVIL ACTION

VERSUS                                        NO: 08-4409

NATIONAL CASUALTY COMPANY, ET                 SECTION: R(3)
AL.

**ORDER AND REASONS**

Before the Court is plaintiffs' motion *in limine* to exclude evidence and/or testimony and/or motion to strike defendants' comparative negligence allegations. (R. Doc. 69.) For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

I.  **BACKGROUND**

This case involves a highway automobile collision on July 8, 2008 in Tangipahoa Parish, Louisiana. Plaintiffs Daniel Stout and Gerri Stout allegedly were injured when their 1996 Ford Crown Victoria was struck from behind by a 2007 Freightliner owned by

defendant Western Express, Inc. and operated by defendant Demingo Johnson. On September 17, 2008, the Stouts sued Johnson, Western and their insurer, National Casualty Company. The parties dispute fault. The Stouts seek to exclude certain evidence and testimony from trial.

**II. DISCUSSION**

**A. Safety Belt Evidence**

Under the Federal Rules of Evidence, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. All relevant evidence is admissible, unless otherwise proscribed by law. Fed. R. Evid. 402. Evidence that is not relevant is not admissible. *Id*. Evidence also may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. Under Louisiana law, in any action to recover damages arising out of the operation of a motor vehicle, a plaintiff's failure to wear a safety belt "shall not be considered evidence of comparative negligence" and "shall not be admitted to mitigate damages." La. Rev. Stat. Ann. § 32:295.1(E); *Rougeau v. Hyundai*

2

*Motor Am.*, 805 So.2d 147, 156 (La. 2002).

Defendants do not dispute that section 32:295.1(E) prohibits them from introducing evidence that the Stouts were not wearing safety belts at the time of the accident for the purposes of demonstrating contributory negligence or failure to mitigate damages. (*See* R. Doc. 81 at 4 ("Plaintiffs correctly state that the failure to use a seat belt cannot be used to show comparative fault or failure to mitigate damages.").) Defendants nonetheless argue that the Stouts' failure to wear safety belts is relevant to the issue of whether Daniel Stout was operating his vehicle with "diminished capacity" at the time of the accident. The Court rejects this argument for three separate reasons.

First, that defendants frame their theory of comparative negligence as "diminished capacity" and not failure to wear safety belts *per se* misses the point. Defendants still intend to use the safety belt evidence for the purpose of demonstrating comparative negligence. Such a use is plainly prohibited under the terms of section 32:295.1(E). *See Rougeau*, 805 So.2d at 158 (finding that the "issue is whether the evidence of seat belt non-use has some probative value *other than as negligence*"; and holding that "[b]ecause this evidence is only relevant to show her own negligence in causing her injuries, the evidence is inadmissible") (emphasis added). Second, that the Stouts were

3

not wearing safety belts at the time of the accident does not increase the probability that Daniel Stout was driving with diminished mental capacity. *See* Fed. R. Evid. 401. Although wearing a safety belt is prudent practice, a driver's failure to wear one has no obvious bearing on his mental capacity or ability to drive. *cf. Smith v. United States*, Civ. A. No. 06-947, 2008 WL 5272472, at *1 (W.D. La. Dec. 16, 2008) (excluding evidence of failure to wear safety to "demonstrate a lack of care and concern for the rules of the road"). Third, even if Daniel Stout's alleged failure to wear a safety belt was marginally probative of his mental state at the time of the accident, which it is not, this evidence must be excluded nonetheless because its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. *See* Fed. R. Evid. 403. Safety belt evidence has little or no probative value with respect to Daniel Stout's mental state, but it is highly suggestive of an impermissible ground for determining liability and damages. Even with a jury instruction, evidence that the Stouts were not wearing safety belts would likely prejudice the jury's perception of them and their claims.

For the reasons stated, the Court will exclude at trial all evidence and testimony concerning the Stouts' failure to wear safety belts offered for the purpose of demonstrating comparative

4

negligence or failure to mitigate damages.

**B.     Other Claims of Comparative Negligence**

Provided they otherwise comply with the Federal Rules of Evidence, defendants may present evidence concerning the speed of the Stouts' automobile at the time of the accident, chemicals in Daniel Stout's blood at the time of the accident, and Daniel Stout's medical history of baseline cognitive decline.  If Daniel Stout drove at an unusually slow rate, or if his judgment was impaired by medication or dementia, these facts could corroborate defendants' testimony and increase the probability that the accident was caused in whole or in part by Daniel Stout's own actions.  Fed. R. Evid. 401.

On the other hand, defendants may not present evidence concerning Daniel Stout's alleged history of alcohol use.  There is no suggestion that alcohol was involved in the accident at issue in this case, and evidence of Daniel Stout's prior use of alcohol would be both irrelevant and unduly prejudicial. *See, e.g.*, Fed. R. Evid. 402, 403; *Eugene v. Mormac Marine Trans., Inc.*, Civ. A. No. 91-0453, 1994 WL 25527, at *3 (E.D. La. Jan. 24, 1994) ("Certainly, evidence that he was drinking on the night of the accident is relevant, but other instances of alcohol abuse are not relevant and are highly prejudicial."); *State v. Jackson*,

5

800 So.2d 854, 857 (La. 2001) (observing majority rule barring inquiry into a witness's prior use of alcohol or drugs); *Brewer v. J.B. Hunt Transp., Inc.*, 9 So.3d 932, at *11 (La. App. Ct. 2009) (finding prior drug use and arrests irrelevant and inadmissible as to whether plaintiff acted negligently in automobile accident).

## III. CONCLUSION

For the reasons stated, the Stouts' motion is GRANTED IN PART and DENIED IN PART.

New Orleans, Louisiana, this 22nd day of December 2009

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE