**MINUTE ENTRY**
**KNOWLES, M.J.**
**MARCH 17, 2010**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL STOUT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4409** |
| **NATIONAL CASUALTY COMPANY, ET AL.** | **SECTION "R" (3)** |

### REPORT AND RECOMMENDATION

On this date, Plaintiffs' Motion to Amend Pre-Trial Order [Doc. #127] came on for oral hearing before the undersigned. Present were Mekel Alvarez on behalf of plaintiffs and Kyle Kirsch on behalf of defendants.

On October 21, 2009, both parties jointly moved to continue the trial and filed a Joint Motion to Continue Trial [Doc. #62]. On November 12, 2009, the District Court granted the motion to continue [Doc. #73], but only after plaintiffs had produced their expert reports and before defendants had done so. The District Court also scheduled a Scheduling Conference on January 7, 2010. The District Court issued a second Scheduling Order on that date [Doc. #116]. The current Scheduling Order requires plaintiffs to submit their expert reports on July 1, 2010 and defendants to do so on August 2, 2010.

MJSTAR(00:06)

Plaintiffs ask the Court to advance the deadlines for expert reports: Plaintiffs' reports would then be due on April 1, 2010, and defendants' reports would be due on May 1, 2010. Plaintiffs essentially argue that under the earlier scheduling order, plaintiffs have already turned over their expert reports to defendants, and defendants have already deposed plaintiffs' experts. Plaintiffs contend that the production of their expert reports allows defendants extra time to prepare for trial. Defendants' expert reports are not due until August 2, 2010, approximately one month before the discovery deadline. Plaintiffs argue that that deadline does not allow them the same time advantage to prepare for trial.

Defendants argue that plaintiffs have not shown "good cause" under Rule 16 to amend the scheduling order. Defendants argue that they have no advantage simply because plaintiffs have already produced their expert reports. Defendants note that plaintiffs' earlier expert reports will be supplemented and revised in the future and that plaintiffs' expert, Mike Sunseri, has indicated that he will file a supplemental report. Defendants also note that plaintiffs continue to provide defendants with additional medical records that defendants' experts must review and address. Plaintiffs allegedly continue treatment with medical providers in both Louisiana and out of state. Defendants note that discovery is ongoing, new medical records are being created and produced, and defendants argue that they are entitled to adequate time to obtain and examine the evidence produced by plaintiffs.

**IT IS RECOMMENDED** that the Court DENY the motion. Federal Rule of Civil Procedure states that "[a] schedule may be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court finds that plaintiffs have not met this burden. There is no case law to support plaintiffs' argument that an alleged "unfair advantage" constitutes a reason to amend

2

a scheduling order. As the Court is well aware, the dates in the scheduling order are counted back from the pre-trial conference and trial dates. That is standard procedure in this Court, and all parties abide by it. If other plaintiffs have time to prepare for trial in such circumstances, so do these plaintiffs. Both parties moved to continue the trial. Now that the District Court has, plaintiffs complain. This they can not do. In short, the Court finds that no good cause exists to modify the current scheduling order.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 17th day of March, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**