UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL STOUT AND<br>GERRI STOUT | * | CIVIL ACTION |
| VS. | * | NUMBER  08-4409 |
| NATIONAL CASUALTY COMPANY,<br>LINCOLN GENERAL INSURANCE<br>COMPANY, WESTERN EXPRESS, INC.<br>AND DEMINGO JOHNSON | * | SECT.  R     MAG. 3 |

FILED: _____      _____
                                                                   DEPUTY CLERK

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S
## MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDING ANSWER

Now into court through undersigned counsel come petitioners, Daniel Stout and Gerri Stout, who submit this Opposition to Defendants' Motion to File First Supplemental and Amending Answer.

The defendants, National Casualty Company, Western Express and Demingo Johnson, are requesting this Honorable Court to grant them leave of court to file their first supplemental and amending answer.  Defendants wish to plead the affirmative defense of immunity pursuant to La. R.S. 9:2798.4.

1

The defendants erroneously allege "Plaintiffs will not be prejudiced by this amendment".

If the defendants are allowed to amend their answer to assert this new affirmative defense, the plaintiffs will be greatly prejudiced. In the time remaining, the task of the plaintiffs to mount an adequate defense against this immunity defense is gigantic if not insurmountable.

Plaintiffs may be prejudiced as follows:

1.) The cost alone presents a financial hardship to plaintiffs;

2) Plaintiff locating a toxicologist who will testify and render a report within forty five days;

3.) The time and resources needed to re-depose many physicians and/or emergency personnel who treated, prescribed, ordered and/or gave Daniel Stout any medication while they tried to save his life, while he was resuscitated repeatedly and while he was intubated;

4.) With a discovery cutoff of August 31, 2010, and a Plaintiffs' Expert cutoff of July 1, 2010, scheduling conflicts with the attorneys, the witnesses, doctors, and experts are definite; and

4.) The possible continuation of the trial of this matter for a second time, as witnesses may be unavailable or die.

As of this date, Plaintiffs have deposed nine (9) medical personnel. They have been required to pay not only the cost of the deposition, but also steno charge. If the defendants are allowed to amend their answer to allege this affirmative defense, plaintiffs will most certainly have to re-depose many if not all of the medical providers. The time and resources needed to re-depose each and every physician and/or emergency personnel who treated, prescribed, ordered and/or gave Daniel Stout any

2

medication is unfair and prejudicial to plaintiffs.

Additionally, with a discovery cutoff of August 31, 2010, and a Plaintiff expert cutoff of July 1, 2010, coupled with the definite scheduling conflicts of the attorneys as well as the witnesses, the October 18 trial date may be upset for a second time.

The defendants have and continue to erroneously allege in their defense of this claim: "that a percentage of fault should be allocated to Daniel Stout due to his alleged diminished capacity in operating his motor vehicle". However, they have failed to present an inkling of evidence to support their position to date.

They tried the no seatbelt issue. Judge Vance denied them.

They tried the dementia issue. Plaintiff's treating doctor, Dr. Caulfield, confirmed no dementia.

They tried an abuse of alcohol defense. No witnesses support this allegation. Rather, five witnesses testified he does not drink now.

Defendants are now attempting to add yet another affirmative defense in an effort to unfairly prejudice Daniel and Gerri Stout before this court and trier of fact.

The defendant's set forth in accordance with Federal Rule of Civil Procedure (15(a)(2), that a Court "should freely give leave" to a party to amend a pleading "when justice so requires". The defendants were and have been in the possession of Daniel Stout's medical records and the "LSU Toxicology Report" well in excess of a year. Defendants received the medical records from plaintiffs counsel on or about September 30, 2008. The defendants failed and/or refused, or just elected not

3

to investigate and/or conduct discovery regarding this report.[1],[2] In January 2009, the defendants requested via discovery and were provided with medical authorization to obtain medical records and documentation of medical treatment of plaintiffs. On their own accord, defendants requested and received the same medical records from LSU Hospital on or about May 20, 2009. Still they failed and/or refused to adequately investigate the "Toxicology Report".

The original trial date was January 11, 2010, with a pleading amendment deadline of June 6, 2009.[3] The trial was continued on November 12, 2009. On January 7, 2010, Judge Vance had a preliminary conference and a new scheduling order was put into effect ordering:

> "Amendments to pleadings, third party actions, cross claims and counter claims shall be filed no later than FEBRUARY 8, 2010."[4]

The defendants were and have been in possession of the LSU medical records and "toxicology report" well in advance of the first amendment to pleadings deadline of June 6, 2009. The continuance gave defendants a second chance. But defendants failed to amend by the second amendment deadline of February 8, 2010. Defendants purposefully elected not to investigate the "toxicology report" and/or obtain the pharmacy records of Daniel Stout until December 28, 2009,

---

[1] Exhibit: A-Letter from Michael Hingle & Associates to counsel for defendants where in counsel for defendants were provided a copy of the medical records from LSU Hospital for Daniel and Gerri Stout, that included the July 8, 2008, Toxicology Report.

[2] Exhibit: B- LSU "Toxicology Report"

[3] Exhibit: C- Scheduling Order of April 30, 2009.

[4] Exhibit: D-Scheduling Order of January 7, 2010.

when they issued a subpoena duces tecum for same.[5]

Federal Rule of Civil Procedure 8(a)(c)(1) Affirmative Defenses, provides that: "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense..."

*Fed. R. Civ. P.16(b)* requires that a district court enter a scheduling order that among other things, limits the time to join additional parties and to amend pleadings.

The Fifth Circuit has clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of the pleadings and under Rule 16(b), a scheduling order "shall not be modified except upon a showing of good cause." *S&W Enterprise, LLC v. Southtrust Bank of Alabama*, 315 F.3d 533, 535-36 (5th Cir. 2003). The Fifth Circuit likewise set forth the following factors in evaluating whether good cause for modification of the courts scheduling order exists: (1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice. *Id.* In the instant matter, the defendants fail to establish the good cause necessary to grant the relief requested.

The defendants have not and cannot provide this Honorable Court with an explanation as to their delays in moving to amended their answer. It is undisputed and undisputable, that the defendants were in possession and/or had unrestricted access to medical/pharmacy records and/or documentation they now rely on as a basis for leave of court to amend their answer to raise the affirmative defense. Defendants had the toxicology report since September 2008.

The defendants allegation that plaintiffs have been on notice of the potential affirmative

---

[5] Exhibit: E- Letter from defense counsel Re: Subpoena Duces Tecums issued by defendants, Western Express, et al to numerous Pharmacies in the area of Amite Louisiana, the domicile of Plaintiffs.

defense of La. R.S. 9:2798.4, is simply and factually an untrue representation to this Honorable Court. There is not and has not been any testimony and/or evidence to establish that Daniel Stout suffered from any form of diminished capacity before, at or during the subject accident. Notwithstanding, there has definitely been no testimony given that Daniel Stout suffered from diminished capacity due to any medication he was prescribed and/or taking at the time of the accident. On the contrary, Mr. Stout's PCP, Dr. Lance Caulfield, with whom he treated prior to the subject accident, testified in his deposition that Mr. Stout did not suffer from diminished capacity and/or dementia.[6]

Defendant's assertion that by pleading as an affirmative defense "comparative fault", in its original answer, it put plaintiffs on notice of its intent to assert affirmative defenses under La. R.S. 9:2798.4, is specious at best; as this court is well aware that most if not all answers to complaints allege as a defense comparative fault.

Additionally, the defendants' assertion that Mr. Stout's alleged diminished capacity as a result of the presence of controlled substances in his system at the time of the accident was previously raised and briefed in a November 2009, filing is untrue and potentially misleading to this Court.

The issue before Judge Vance was a Motion in Limine to exclude evidence of plaintiffs' seat belt usage, wherein the defendants alleged in their pleading Mr. Stout suffered from pre-accident cognitive decline due to "past alcohol use".[7] Never did the defendants notify and/or put plaintiffs on notice of the affirmative defense in question. Moreover, as is stated in the defendants

---

[6] Exhibit: F-Deposition Transcript of Dr. Lance Caulfield: Pages 15-16, 21-22 and 37-38.

[7] Exhibit: G-Defendants' Motion to Reconsider Limine Ruling.

memorandum in support of motion for leave, page 7, the defendants have been aware of their intentions to file an amendment to the pleadings and/or an additional affirmative defense, yet consciously and strategically waited until after the February 8, 2010 amendment deadline and five months prior to trial to file same. The defendants have unduly delayed in seeking leave to amend and should be precluded from doing so at this late date.

In the matter of *Royal Insurance Company of America v. Schubert Marine Sales, et al*, 2003 U.S. Dist. LEXIS 12405, the magistrate Judge of this Honorable Court denied the defendants motion for leave to amend as "untimely", wherein the district judge affirmed. In the Stout matter as in Royal case, the defendant, *Schubert*, argued although it filed its motion subsequent to the deadline for amendments set forth in the Courts scheduling order it should nonetheless be allowed to amend because its expert did not discover the basis for its affirmative defense until after the inspection of the yacht, which occurred before the discovery deadline. The court having considered the argument of *Schubert*, held its explanation for its failure to timely file its motion for leave to amend prior to the court to be inadequate; noting that there was no justifiable reason for the information(reason defendant sought leave to amend) not to have been obtained far earlier. As in Stout, the court further held that " because of the continuation the defendant was given two different opportunities during the litigation –spanning over more than a year's time --- to obtain all the discovery it needed... to make the necessary amendments to its pleadings" prior the amendments deadline.

The Stout case is virtually identical to *Schubert, Id*, this litigation has been ongoing since September 17, 2008, the defendants were and have been in possession of the information they now seek leave of court to amend for over a year; yet, the defendants can present no justifiable reason that the information could not have been obtained far earlier and prior to the court deadline for amending

7

pleading. It should also be noted that *Schubert* filed it's motion to amend one month after the deadline for amendments, wherein the defendants in the instant matter waited 3 months after the February 8, 2010, deadline.

Notwithstanding the above argument and out of an abundance of caution, plaintiffs herein address the factual background as set forth by defendants. In the factual background as alleged by the defendants, they attempt to infer that Daniel Stout was taking the cold medicine Marcof, prescribed for his wife. Yet, they fail to present any relative and/or substantive evidence to support their erroneous position and should not be granted leave of court to go on a fishing expedition and/or to allege an affirmative defense under La. R.S. 9:2798.4.

The defendants set forth "in particular"[8] the "toxicology report" of Daniel Stout, done at LSU Medical Center after he was helicoptered to New Orleans. Defendants are correct in stating Mr. Stout's toxicology screen from the emergency room reveals the <u>presence</u> of several medications.

This particular toxicology report showing the hydrocodone and dihydrocodeine has been in defendants possession since September 2008 when plaintiff sent it to defendants.

With regard to the specific medications set forth in defendants' motion "hydrocodone and dihydrocodeine", Mr. Stout was in fact prescribed hydrocodone by the emergency room doctor 3 days before the crash for an ankle injury. Dihydrocodeine is an excreted metabolite of hydrocodone. This means hydrocodone breaks down in the body in the form of dihydrocodiene and then is excreted in urine.

In accordance with Louisiana Revised Statute 9:2798.4, immunity will not apply if the motor

---

[8]See page one of defendants' memorandum in support.

vehicle operator test positive for an enumerated controlled substance for which he has a valid prescription. Mr Stout had a valid prescript for hydrocodone. More importantly, "Hydrocodone undergoes extensive hepatic conjugation and oxidative degradation to a variety of metabolites excreted mainly in the urine. The major excreted metabolites of hydrocodone are conjugates of dihydrocodeine ...."[9]

Dihydrocodeine is a metabolite of hydrocodone. If the defendants performed the required due diligence in their discovery and investigation of the "toxicology report", prior to filing the instant motion for leave, they would have discovered dihydrocodeine is an excreted metabolite of hydrocodone. Further, the "toxicology report" DOES NOT state and/or show Daniel Stout to have dihydrocodeine in his system. Please see the middle of the toxicology report. It says compatible with hydrocodone and dihydrocodeine. It does not say Mr. Stout had dihydrocodeine in his urine.

Dihydrocodeine is a medication/drug compatible with medications in the Benzodiazepine family, of which hydrocodone is one. The toxicology report only shows detection of Benzodiazepine family. The toxicology report does not say he had dihydrocodeine in his urine.

In the deposition of Dr. Peter Deblieux, director of emergency medicine at LSU Hospital, the physician on duty who accepted and received Mr. Stout as a patient to his emergency department as well as the doctor who ordered the "toxicology report", Mr Stout may have been given the medications by the initial emergency responders and/or the emergency staff at LallieKempHospital.[10]

---

[9] Exhibit: H-A prospective Evaluation: Evaluation of Abuse of Prescription and Illicit Drugs in Chronic Pain Patients Receiving Short-Acting (Hydrocodone) or Long-Acting (Methadone) Opioids: *Pain Physician Vol. 8, No. 3, 2005*.

[10] Exhibit: I-Deposition Transcript of Dr. Peter Deblieux, Page 43 line 2 through page 44 line 21.

WHEREFORE, for the reasons stated above, plaintiffs, Daniel Stout and Gerri Stout, respectfully request that this Honorable Court deny Defendants' Motion for Leave to File first supplemental and Amending Answer.

Respectfully submitted,

MICHAEL HINGLE & ASSOCIATES, LLC

/s/ Michael Hingle
Michael Hingle, T.A. #6943
NaTashia Carter Benoit, #27784
For the Firm
220 Gause Blvd.
Slidell, LA 70458
Telephone: (985) 641-6800
Facsimile: (985) 646-1471

CERTIFICATE OF SERVICE

I do hereby certify that I have on this 17th day of May, 2010 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States Mail, properly addressed, and first class postage prepaid, or by electronic means if said attorney is a CM /ECF participant as may be appropriate.

/s/ Michael Hingle
220 Gause Blvd.
Slidell, LA 70458
Telephone: 985-641-6800
Facsimile: 985-646-1471

G:\Files\Stout, Daniel\Defendants Motion for Leave to File 1st S&A answer doc 148\Mt in Opp to D leave to file Suppl Answer, ncb, 5-17-10.wpd