# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIEL STOUT, ET AL.** | * | **CIVIL ACTION NO. 08-4409** |
| | * | |
| **Plaintiffs** | * | **SECTION "R"** |
| | * | |
| **VERSUS** | * | **JUDGE VANCE** |
| | * | |
| **NATIONAL CASUALTY COMPANY, ET AL.** | * | **MAGISTRATE NO. 3** |
| | * | |
| **Defendants** | * | **MAGISTRATE KNOWLES** |
| | * | |
| | * | **A JURY IS DEMANDED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDING ANSWER

NOW INTO COURT, through undersigned counsel, come Defendants, Demingo Johnson Western Express, Inc., and National Casualty Company, who submit the following Reply Memorandum in Further Support of their Motion for Leave to File First Supplemental and Amending Answer:

In their Memorandum in Opposition, Plaintiffs argue that Defendants have failed to demonstrate the good cause necessary for this Court to permit the proposed amendment of their Answer after the deadline for such amendments provided for in the Court's scheduling order has passed. Plaintiffs further argue that they will be prejudiced if this Court permits Defendants to

amend their Answer and assert the affirmative defense of driver intoxication provided by Louisiana law. Neither argument is supported by the facts of this case or the controlling law of the Fifth Circuit.

Defendants have demonstrated good cause necessary to file the proposed amended Answer and have explained why the proposed amendment was not previously filed. It is true that all parties have been in possession of the toxicology report which reveals the presence of several medications, including hydrocodone and dihydrocodine, in Daniel Stout's bloodstream at the time of his emergency room treatment in New Orleans on the date of the accident. In this case, Daniel Stout did possess a valid prescription for hydrocodone as a result of an ankle injury prior to the accident, and so the affirmative defense provided by La. R.S. 9:2798.4 would not apply as regards the hydrocodone. Defendants thus subpoenaed prescription records for Daniel Stout and Gerri Stout to determine if valid prescriptions existed to explain the presence of other controlled substances in the toxicology report. Only after receipt and review of the medical records from multiple providers and pharmacies were Defendants in a position to determine the potential applicability of the immunity of La. R.S. 9:2798.4. Without this information, previously not available to Defendants, there was no way to determine what support existed to assert this affirmative defense. Defendants simply could not make a determination that Daniel Stout did not possess a valid prescription for dihydrocodine prior to this discovery, and so could not, in good faith, assert the affirmative defense prior to the discovery and analysis of relevant medical records. Thus, good cause exists to explain the timing of the assertion by Defendants of the affirmative defense.

Separate and apart from the above explanation of Defendants' good cause, it remains the case that the issue of Daniel Stout's comparative fault has been known to Plaintiffs throughout this litigation, and so there exists no unfair surprise with the proposed amendment. As previously explained, Plaintiffs have been aware of the issues of comparative fault, and specific reference to the toxicology results was made in relation to the Motion in Limine as cited in Defendants' original Motion for Leave.

Regarding Plaintiffs' claims that it would be necessary to re-depose all medical providers should this Court grant leave to file the amended Answer, Plaintiffs offer no reason why this expense would be necessary, as none of the physicians deposed to date have anything to do with the drug test or have expertise in toxicology. As pointed out above, all parties had access to the toxicology report, and Plaintiffs were free to question any medical providers regarding those records during the depositions that have been completed. In fact, as cited in Plaintiffs' Opposition, the topic was explored during the deposition of Dr. Deblieux. Further, the deposition of the medical technician who performed the toxicology analysis has not yet been scheduled, and ample time remains to complete discovery on this issue. Additionally, Plaintiff has ample time to retain a toxicology expert.

As explained in Defendants' Motion for Leave, the Fifth Circuit has affirmed the amendment of Answers to plead affirmative defenses on numerous occasions closer in time to the trial date than is requested in this case. The line of decisions previously cited by Defendants supports the allowance of amendments in similar cases. Indeed, the "prejudice" element has been found to not exist when amendments were made much closer to trial than the instant

request. In the instant case, Plaintiffs cannot show that they will be prejudiced by this amendment, but Defendants certainly will suffer great prejudice if not allowed to assert the immunity defense provided by Louisiana law.

The cases cited by Plaintiffs in their Opposition are simply not analogous to the instant situation. In the *Schubert Marine* decision, Judge Engelhardt approved the recommendation that the defendant not be allowed to amend its answer to assert a particular affirmative defense of superseding cause related to the unseaworthiness and sinking of a vessel. The *Schubert Marine* decision found that there was no justification for the defendant's failure to inspect the vessel for over three years, as the vessel was available to the parties for such an inspection. In the instant case, Defendants simply did not have access to the medical and prescription records of Daniel Stout until subpoena returns were completed by multiple providers. More importantly for the *Schubert Marine* decision was that court's determination that the affirmative defense was <u>futile</u>, as the proposed affirmative defense could not qualify as a superseding cause. Citing decisions holding that Rule 15(a) does not require an untimely amendment that would be futile, Judge Engelhardt denied leave to amend. 2003 WL 21664701 at *5. In the instant case, the proposed affirmative defense is certainly not futile, as the immunity provided by La. R.S. 9:2798.4 is applicable because Daniel Stout does not have a prescription for dihydrocodine.

Likewise, in the *S&W Enterprises* decision, the Fifth Circuit affirmed the denial of leave to amend the plaintiff's Complaint whereby plaintiff sought to assert an <u>entirely new cause of action</u> for interference with contract involving a contract not previously named in the pleadings, after the deadline for amendment of pleadings in the scheduling order. 315 F.3d at 535. The

Fifth Circuit analyzed the factors for modifying a scheduling order, and concluded that the plaintiff had not shown good cause, as no new facts were uncovered in discovery, and the plaintiff offered "effectively no explanation" other than "inadvertence" for its failure to amend timely. 315 F.3d at 536. As the entirely new cause of action would delay that trial and prejudice the defendant, the Fifth Circuit affirmed the denial of leave to amend. In the instant case, the discovery of the new fact that Daniel Stout was not prescribed dihydrocodine did not occur until the medical records were obtained through returns of subpoenas, and the issue of comparative fault has been known to all parties throughout this litigation.

In contrast to the above cases cited by Plaintiffs, the cases cited by Defendants in the original Motion for Leave provide guidance and authority to this Court to allow the granting of leave to file the Amended Answer. *See*, *e.g.*, *Rogers v. McDorman*, 521 F.3d 381 (5th Cir. 2008) (affirmative defense of *in pari delicto* permitted when raised for the first time <u>at trial</u>); *Pasco ex. rel. Pasco v. Knoblauch*, 566 F.3d 572 (5th Cir. 2009) (affirmative defense of immunity allowed 52 months after initial pleading and two months prior to discovery cutoff); *Alliance Versicherungs, AG v. Profreight Brokers, Inc.*, 99 F.Appx. 10 (5th Cir. 2004) (unpublished) (affirmative defense of contractual limitation of liability allowed when first raised in pre-trial order three months prior to trial).

Plaintiffs will not be prejudiced, as they are on notice of the issue and have adequate time to prepare a response to the affirmative defense. In contrast, Defendants would be greatly prejudiced should they not be allowed to assert this affirmative defense and allow the jury to

determine the degree of comparative fault that should be assigned to Daniel Stout in causing the accident.

As such, for all of the above and previously raised reasons, Defendants pray that this Honorable Court grant leave to file Defendants' First Supplemental and Amending Answer.

Respectfully submitted,

/s/Kyle P. Kirsch_____
MICHAEL R. SISTRUNK (12111)
KYLE P. KIRSCH (26363)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, McDANIEL & WELCH
400 Lafayette Street, Suite 100
New Orleans, Louisiana 70130
Telephone: (504) 831-0946
Facsimile: (504) 529-9796

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on counsel of record this 24th day of May, 2010, in accordance with the Court's ECF Rules.

_____/s/ Kyle P. Kirsch_____